UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LABREC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:20-CV-264-JTM-JEM |
| | ) | |
| IVAN KREIDER, JR., | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Execution of Medical Authorization [DE 24], filed April 28, 2021. Defendant moves to compel Plaintiff to execute authorizations for access to records of his medical treatment relevant to the injuries claimed in this case. Plaintiff has not responded to the Motion and the time to do so has passed.

Plaintiff alleges that he was injured as a result of Defendant's negligence. Defendant represents that through discovery, he learned that Plaintiff sought treatment from two providers in particular, Thomas Krull DDS PC and Adam Benjamin Jr. VA Clinic, and that he requested that Plaintiff complete an authorization for access to his medical records from these providers. Although Defendant does not include a certification in accordance with Federal Rule of Civil Procedure 37(a)(1) and Northern District of Indiana Local Rule 37-1, the motion includes representations regarding the attempts of counsel for Defendant to obtain the requested authorizations without Court intervention.

Federal Rule of Civil Procedure 37(a) permits a party to move the Court for an order compelling disclosure or discovery, specifically allowing for an order to compel responses to document requests under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). The Court finds that Plaintiff has failed to respond to discovery requests as required by the Federal Rules of Civil Procedure and

1

therefore compels him provide the authorization to access medical records as requested. The Court notes that if there are privacy concerns at issue, the parties may move for entry of an agreed Protective Order to govern treatment of medical information in this case.

Having reviewed the instant Motion and noting the lack of response by Plaintiff, the Court hereby **GRANTS** Defendant's Motion to Compel Execution of Medical Authorization [DE 24] and **ORDERS** Plaintiff to complete the required medical authorization and provide it to Defendant on or before **May 31, 2021**.

Because the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the "nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court hereby **ORDERS** Defendant to **FILE**, on or before **May 31, 2021**, an itemization of its costs and fees, including attorney's fees, incurred in making the Motion to Compel and an argument as to why he is entitled to these fees, with Plaintiff to **FILE** a response with the Court to Defendant's request for reasonable expenses incurred in making the instant Motion, on or before **June 14, 2021**, with any reply to be filed by **June 21, 2021**.

The Court hereby **DENIES as moot** the Defendant's Motion to Compel Execution of Medical Authorization [DE 25].

SO ORDERED this 14th day of May, 2021.

                                        s/ John E. Martin_____
                                        MAGISTRATE JUDGE JOHN E. MARTIN
                                        UNITED STATES DISTRICT COURT

cc:    All counsel of record